IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA             PLAINTIFF

v.    Case No. 4:13-cr-00091-002 KGB

OSCAR ALBERTO MORENO-VALOIS
FERNANDO SALGADO               DEFENDANTS

## ORDER

On February 2, 2015, the Court conducted a pretrial conference with counsel for the government, defendants Oscar Alberto Moreno-Valois and Fernando Salgado, and counsel for defendants. The Court made the following rulings and addressed the following matters:

1. Defendants are satisfied with the arrangement of the tables in the courtroom.

2. Each defendant waives his right to be present at any bench conference that might arise during the trial.

3. The government anticipates it will take one and one-half days to present its proof. Counsel for defendants anticipate the total length of trial to be three to four days or less.

4. The Court will seat a 12-person jury with 1 alternate. Defendants will be permitted 12 preemptory strikes to the 12-person panel and three strikes to the alternate-panel. The government will be permitted 6 preemptory strikes to the 12-person panel and one strike to the alternate-panel.

5. Defense counsel have no objection to the government's proposed jury instruction 1.01 and its included proposed summary of indictment.

6. Discussion was had among counsel and the Court regarding referencing separate defendant Hector Alba, who previously pleaded guilty in this case. Counsel for Mr. Moreno raised the possibility of the Court giving Model Instruction 2.19 or a modified version of this

instruction to the jury. The government represents that Mr. Alba is not likely to be called as a witness in this case. Counsel for Mr. Moreno agreed to revisit later in the proceedings the issue of whether Model Instruction 2.19 or a modified version of this instruction should be given to the jury, depending on the proof at trial.

7. The parties agree not to permit jurors to ask questions.

8. The Court reviewed with counsel an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

9. Defense counsel objects to the government's Exhibits 11 and 12, which are photographs of the alleged injury after the events occurred, contending that these photographs are substantially more prejudicial than probative. The Court takes these objections under advisement and will revisit these issues later in the proceedings as the proof develops.

10. Counsel Salgado objects to the government's Exhibit 17 as lacking of foundation. The government contends that a witness will testify that he took the photograph that is Exhibit 17 and that it is a photograph of Mr. Salgado's foot. The Court takes the objection under advisement and will revisit this issue later in the proceedings as the proof develops.

11. With the exception of the government's Exhibits 11 and 12 for Mr. Moreno and the government's Exhibits 11, 12, and 17 for Mr. Salgado, defense counsel stipulate to the authenticity and admissibility of the government's other exhibits.

12. Defense counsel agree to establish an order for cross examination and presentation of the defense case and to keep that order throughout trial, unless good cause is shown.

13. The Court addressed the pending pretrial motion filed by the government under seal and Mr. Moreno's under seal response to that filing (Dkt. Nos. 59, 75). The government contends that it will not introduce the challenged evidence regarding the alleged affiliation of defendants. Defendants accept the government's decision not to introduce the challenged evidence regarding the alleged affiliation of defendants. The Court directs that, if the government's position on this matter changes during trial, the government approach the bench and inform the Court and defense counsel so that all parties may be heard and the Court may rule on the issues raised.

As to evidence regarding the Special Housing Unit, counsel conferred regarding the non-objectionable parameters of evidence related to the Special Housing Unit and agreed that, if necessary, defense counsel will make a contemporaneous objection challenging evidence that exceeds those parameters.

14. The Court took up Mr. Moreno's motion *in limine* (Dkt. No. 72). The government contends that it does not intend to offer the evidence challenged in the motion *in limine* in its case in chief. The government wishes to reserve its ability to admit this evidence in rebuttal. The Court takes the motion *in limine* under advisement and will revisit the issues raised by the motion after the conclusion of proof in the government's case-in-chief and the defense case, taking up the issues raised in the motion *in limine* if the government intends to offer the challenged evidence in its rebuttal case.

15.     The Court's practices is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

SO ORDERED this 2nd day of February, 2015.

_____
Kristine G. Baker
United States District Judge